G. E. THURMAN, Appellant,

v.

Dulcie Joy FATHERREE et vir, Appellees.

No. 13463.

Court of Civil Appeals of Texas.

San Antonio.

May 20, 1959.

Rehearing Denied June 17, 1959.

Gibbon, Klein & Ferrero, Harlingen, for appellant.

Orrin W. Johnson, Harlingen, for appellees.

BARROW, Justice.

Appellee, Dulcie Joy Fatherree, joined by her husband, B. D. Fatherree, brought this suit in the County Court at Law of Cameron County, Texas, against appellant, Dr. G. E. Thurman, for $900. The suit was based upon a certain separation agreement between Mrs. Fatherree and Dr. Thurman, her former husband, and for failure to make child support payments in the sum of $100 per month. Said separation agreement was made a part of and confirmed by the judgment of divorce granted by a District Court of the State of Nevada. Appellant answered that he had entered into the separation agreement giving custody of the minor child to appellee and obligating himself to make such payments for the child's support, on condition that he have reasonable visitation with said child of such a nature as to maintain the relationship of

father and son; and that appellee had breached the contract by willfully denying him such visitation privileges, and that, therefore, the consideration for said agreement had failed.

The trial court, after request for admissions had been presented and answered, and depositions taken, rendered judgment on appellee's motion for summary judgment in favor of Dulcie Joy Fatherree for the sum of $956.25, against appellant, G. E. Thurman. This appeal is from that judgment.

Appellant and appellee were married on July 8, 1948, and of that marriage was born one child, Benjamin Hill Thurman V, who at the time of the divorce between the parties, on November 27, 1954, was two years of age.

■ By his first point, appellant contends that the judgment should be reversed on account of alleged unethical conduct on the part of the court and appellees' counsel in handling the case. In that connection, we have carefully examined the affidavits of the trial judge, of appellant's and appellees' counsel, and that of appellees' counsel's secretary, as well as the record as a whole, and find that appellant has failed to show that such conduct, assuming that it occurred, was calculated to cause and probably did cause the rendition of an improper judgment in the case. We decline to assume the functions of a grievance committee. Appellant's first point is overruled. Rule 434, Texas Rules of Civil Procedure. We, therefore, make no comment on such charges and counter-charges.

■ By appellant's second point he contends that it was error for the court to hear a motion for summary judgment without having an order on file setting the hearing, even though the same motion had been presented at a previous term and the term had expired without action on the part of the court. In this connection, appellant cites § (c) of Rule 166-A, T.R.C.P., which provides, among other things, that the mo-

tion shall be served at least ten days before the time specified for the hearing.

This point is overruled. It appears from the record that prior to the hearing at the previous term appellant had the notice provided for; that he appeared, and a hearing on the motion was had, at which he was present; that the court took the motion under advisement, but failed to rule thereon during that term. We agree with appellant that in the county court such a hearing could not be carried over into the succeeding term. However, appellant has cited no authority, and we have found none, which would require a new notice to bring the adverse party into court for each succeeding term, any more than after a citation is served in a case, a new one should be served at each term of court thereafter. Certainly Rule 166-A does not so require. Hence, after a party has been served with notice of the motion for summary judgment at one term of court, the motion may be heard at a subsequent term without service of another notice as provided for in Rule 166-A, § (c), T.R.C.P. All that is required is reasonable notice of the hearing thereon. The record shows that appellant had actual notice of the hearing eight days prior thereto, and appellant neither appeared nor requested a postponement. Moreover, the motion, answer, affidavits, depositions and admissions, were all before the court and had been fully argued by counsel on both sides, and no new matter was presented; therefore, the record fails to show that appellant was probably harmed thereby.

By appellant's third point he contends that a genuine issue of fact is presented as to whether or not appellee has breached the separation agreement; and that the consideration for the agreement failed by appellee's alleged failure and refusal to allow appellant visitation privileges of such a nature as to allow appellant to maintain the relationship of father and son with said child. In that connection, he alleges that prior to the divorce appellant and appellee entered into a written agreement in con-

templation of said divorce, and that thereafter the District Court of the State of Nevada, in granting such divorce, approved the agreement and made it a part of the decree. The agreement is quite lengthy, and after providing in detail for the settlement of the rights of the parties in their community property, provides as follows:

"14. And Whereas, Plaintiff and Defendant have one child by their marriage, Benjamin Thurman, V, a son age 2 years; Now Therefore, it is hereby further covenanted and agreed that the Plaintiff shall have the exclusive care, custody and control of said child subject to the right of the Defendant of reasonable visitation with said child, said visitation to be of such a nature as to allow the Defendant to maintain the relationship of father and son to said child, provided, however, that such visitation by Defendant shall be in such manner as to not interfere with the proper education, health and care for said child.

"15. The Defendant hereby further covenants and agrees to pay to Plaintiff cash monies in the amount of One Hundred ($100.00) Dollars per month for the support and maintenance of said child, the first such payment to be made on October 1, 1954, and said payments to continue on the first day of each month thereafter until the further order of the Court having jurisdiction of said child in the event there be any such further orders."

The depositions of the parties are replete with charges and counter-charges with reference to the time, number and duration of the visitation periods which appellant has had. His complaint is that he has been refused visiting privileges "of such a nature as to allow the Defendant (appellant) to maintain the relationship of father and son to said child."

■ First of all, we are of the opinion that under the terms of the agreement appellant's obligation to make the payments is not contingent upon his right of visitation with the child. In his deposition he admits that he is and has been well able to make the payments. He testified that he left the payments with his attorney with instructions to pay them over to appellee whenever she yields to his demand for the kind and character of visitation to which he claims he is entitled.

■ Secondly, we are of the opinion that the specifications of the type, character and extent of the visitations as above mentioned, especially when qualified by the further provision, "that such visitation by Defendant shall be in such manner as to not interfere with the proper education, health and care for said child," is too vague, indefinite and uncertain of enforcement as a contractual obligation.

■ Thirdly, we are of the opinion that such matters as custody of minors and the right of visitation are vested exclusively in the District Courts by Article 5, § 8, of the Constitution of Texas, Vernon's Ann.St., and Articles 1970–305, 4639 and 4639a, Vernon's Ann.Civ.Stats. of Tex.; 31 Tex. Jur. 1296, Parent and Child, § 19, and that the county court does not have jurisdiction to determine the adequacy, propriety and sufficiency of such visits.

■ While a divorce decree based on a contract whereby the husband agreed to pay the wife a stipulated amount each month for the support of a child, insofar as it related to the amount payable for child support, is required to be construed as a "consent judgment," Brady v. Hyman, Tex. Civ.App., 230 S.W.2d 342, yet a contract between parents which attempts to make the child's right to support, and the father's duty to support his child, contingent upon visiting privileges is unenforcible as against public policy. It would be dealing with children as a property right. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1115, 15 A.L.R. 216; 10 Tex.Jur. pp. 206, 207, § 119.

The judgment is affirmed.