**ATTORNEY GENERAL
of Texas, Appellant,**

v.

**LaJohn F. WILSON, Appellee.**

**No. 09–93–195 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted April 28, 1994.

Decided June 23, 1994.

Leslie L. McCollom, Asst. Atty. Gen., Austin, for appellant.

LaJohn F. Wilson, Port Arthur, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

PER CURIAM.

The Attorney General of Texas, acting under Chapter 76 of the Texas Human Resources Code, initiated this paternity and support action against LaJohn Wilson. The master hearing the case recommended a $2,652 judgment for retroactive child support, but also recommended the judgment "not to be abstracted or reported to IRS or credit bureau unless Resp falls 60 days delinquent in his monthly report." The trial court rejected the Attorney General's appeal from the master's recommendations. The sole point of error contends the trial court erred in entering orders that prohibited the Attorney General from attempting to satisfy the judgment so long as the debtor timely made periodic payments. Wilson did not file a brief.

■ We agree with the Attorney General that under the rule of sovereign immunity, a suit brought to control State actions is not maintainable without legislative consent or statutory authorization. *Director of Dept. of Agriculture and Environment v. Printing Industries Ass'n of Texas,* 600 S.W.2d 264 (Tex.1980); *Texas A & M University System v. University Book Store, Inc.,* 683 S.W.2d 140 (Tex.App.—Waco 1984, writ ref'd n.r.e.). This case is distinguishable from the cited

cases in that the Attorney General instituted this suit and sought affirmative relief in the form of a money judgment.

■ The Attorney General argues the court's order amounts to an injunction against performance of lawful functions by a state official in the absence of any pleadings requesting such relief. The trial court has the inherent power necessary for the exercise of its jurisdiction and the enforcement of all its lawful orders. TEX.GOV'T CODE ANN. § 21.001 (Vernon 1988). The order at issue in this case exceeds the court's power for a number of reasons. The court *sua sponte* grants the respondent affirmative relief in the absence of any pleading to support the judgment. All affirmative relief must be supported by written pleadings. TEX. R.CIV.P. 301. The suit *res* does not include speculative future non-judicial collection efforts, such as reporting the judgment to a credit bureau or the Internal Revenue Service. There is no enforcement action before the court, nor are wrongful collection efforts at issue. Abstracting a judgment is a ministerial act to be performed by the county clerk. TEX.PROP.CODE ANN. § 52.004 (Vernon 1984). We hold the trial court exceeded its authority in ordering the judgment not be abstracted or reported.

Point of error one is sustained. We reform the judgment to delete the following language: "Judgment shall not be abstracted, or reported to IRS or credit bureau until obligor is in arrears 60 days on this order." The judgment is affirmed as reformed.

AFFIRMED AS REFORMED.