**In the Interest of Joe DOE and Jane Doe**[1]

**No. 07–94–0241–CV.**

Court of Appeals of Texas, Amarillo.

Feb. 27, 1996.

Rehearing Overruled March 28, 1996.

---

**15.** *See Etheridge v. State*, 903 S.W.2d 1, 20 (Tex. Crim.App.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995).

**1.** As requested by appellant, we have used fictitious names to identify the children and parents. Tex.Fam. Code Ann. § 11.19(d) (Vernon 1986).

Carr, Fouts, Hunt, Craig, Terrill & Wolfe, L.L.P., Donald M. Hunt, Gary M. Bellair, Lubbock, for appellant.

Marta Y. Rosas, Jack McClendon, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

The mother appeals from the trial court's judgment modifying the conservatorship of, the support for, and the possession of the parties' two minor children. By two points of error, the mother claims the trial court abused its discretion by (1) concluding the father was substantially complying with the child support provisions delineated in an agreement incident to divorce, because he was not fulfilling those obligations, and (2) rendering a possession order that does not comply with the standard guidelines as found in the Family Code.[2] We affirm.

The record shows the mother and father were divorced on March 31, 1989, and executed an agreement incident to divorce, which was incorporated by reference and made a part of the divorce decree. As pertinent here, the decree and the agreement provided for joint conservatorship, possession and child support of the two children.

Pursuant to the contractual agreement, the father pays child support at the rate of $1,750 per month per child until each child reaches the age of eighteen, dies or marries or is otherwise emancipated. In the agreement, the parties acknowledged that the child support payments are for the children's benefit, and not a form of payment to the wife for any rights or interest in the marital estate.

In August of 1993, the father filed his first motion to modify the divorce decree. By his live trial pleadings, the father requested appointment as sole managing conservator of the children, primary possession of both children and the sole right to establish the children's residence, or in the alternative, appointment as sole managing conservator of the male child with the sole right to establish his residence. The father also requested a reduction in his child support payments, and

---

**2.** All references to sections of the Code are to the Texas Family Code Annotated (Vernon 1986 & Supp.1996).

payment of child support from the mother. In her counter-motion to modify the decree, the mother also sought appointment as sole managing conservator of the children.

During the course of the trial, the parties agreed and stipulated that the mother should be named sole managing conservator of the female child, and the trial court submitted the remaining contested issues regarding custody of the male child to the jury. The jury found (1) there had been a material change of circumstance since appointment of the joint managing conservatorship, and (2) that the father should be appointed sole managing conservator of the male child.

After the jury verdict, and before the trial court rendered a modification judgment, the mother filed a motion by which she requested a declaratory judgment to determine her entitlement to the contractual child support payment ($1,750 per month) for the male child as stated in the agreement incident to divorce, and for further enforcement of that contractual child support provision. She alleged as justification for her position that the child support terms in the divorce agreement are contractual in nature, and enforceable independent of any modification of the court-ordered support, and also that the agreement contained no provision to terminate support upon any change in conservatorship.

After the hearing on the mother's post-trial motion, the trial court modified the March 31, 1989 divorce decree, and rendered judgment which, in pertinent part, removed the parents as joint managing conservators of the children, appointed the mother as sole managing conservator of the female child, appointed the father as sole managing conservator of the male child, ordered the father to pay $1,750 per month for the support of the female child, and ordered that the mother pay no child support for the male child. It also determined the intent of the parties concerning contractual child support was that the custodian of a child would receive the support and maintenance for that child, that the court's judgment modifying custody of the male child eliminated the necessity of payment to the mother for contractual child support for the male child, and that the mother's claim for that contractual child support should be denied. The trial court's modification judgment further set forth in detail the parents' visitation periods with the children.

Upon request, the trial court made findings of fact and conclusions of law, from which the mother appeals.

By her first point of error, the mother claims the trial court "abused its discretion in concluding that [the father] is substantially complying with the child-support provisions delineated in the Agreement because the father is not fulfilling his obligation under those provisions." The mother urges the father is not substantially complying with the agreement because he is not continuing to pay her $1,750 per month for the support of the male child, of whom she no longer has custody, and that the trial court erred in refusing to enforce the contractual provision. In essence, she claims that, because of the contractual nature of the agreement, she is entitled to the child support payment ($1,750 per month) for the male child, notwithstanding the fact that the father is his sole managing conservator. We disagree.

■■■ The trial court has the authority to increase or reduce court-ordered child support contracted for by the parents when they divorced. Tex.Fam. Code § 14.08(a) and (c)(2) (Vernon 1986), and § 14.056(a), (b) (Vernon Supp.1996). When courts resolve questions regarding conservatorship and child support, the best interest of the child is the primary consideration. Tex.Fam. Code Ann. § 14.07(a) (Vernon Supp.1996); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). When a court's determination of a child's best interest is in question, we must review that determination under an abuse of discretion standard, *In re Marriage of DMB and RLB*, 798 S.W.2d 399, 405 (Tex.App.— Amarillo 1990, no writ), and ask whether the trial court acted arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

In support of her position, the mother places reliance upon cases holding 1) that a

**142**

court cannot modify contractual provisions absent a contractual prerequisite for modification, and 2) that if a paying party does obtain a reduction in child support, the custodial party can still collect the contractual amount due by suing the paying party for breach of the contractual agreement. *See e.g., Hill v. Hill,* 819 S.W.2d 570, 571 (Tex. App.—Dallas 1991, writ denied); *Ruhe v. Rowland,* 706 S.W.2d 709, 710 (Tex.App.—Dallas 1986, no writ). However, those cases are noticeably distinguishable from the case at hand. In each of those cases, no change in conservatorship was made. Thus, the custodial party was disputing the amount which the paying party should have been required to pay as a part of the total care of the child. Whereas in our situation, the paying party became the child's custodial parent, and is disputing any amount to be paid to the non-custodial, non-paying parent, because he is also providing 100% of the child's care.

██ Where the parties sign a contractual agreement regarding child support, and custody is changed from one parent to the other parent, no valid justification remains for requiring the new custodial parent to continue payments that are intended to be purely for the support, benefit, and best interest of the child. *Comeaux v. Comeaux,* 767 S.W.2d 500, 502 (Tex.App.—Beaumont 1989, no writ). The child's best interests cannot be served by continuing the prior support arrangement, as the child is not benefitted by the new custodial parent continuing to provide support to the non-custodial parent. Consequently, such a support agreement serves no purpose for the child after custody changes, and would only confer a personal benefit upon the non-custodial parent if the payments were allowed to continue. *Id.*

As a result, equity requires that the paying party be relieved from child support obligations to the non-custodial parent after the custody change is effected. *Comeaux v. Comeaux,* 767 S.W.2d at 503; *Gray v. Bush,* 430 S.W.2d 258, 266 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.).

██ Furthermore, the trial court's decision also enjoys support of existing contract law. In a contract, if performance is contingent upon the continued existence of a state of things or set of circumstances, a condition is implied that the cessation of existence of such state of things excuses performance. *Texas Seed & Floral Co. v. Chicago Set & Seed Co.,* 187 S.W. 747 (Tex.Civ.App.—Amarillo 1916, writ ref'd); *Northern Irr. Co. v. Dodd,* 162 S.W. 946, 949 (Tex.Civ.App.—Austin 1913, writ ref'd). Such an impossibility occurs where 1) an unexpected contingency occurs, 2) the risk of which was not allocated either by agreement or custom, and 3) the occurrence of the contingency has made performance impossible. *Alabama Football, Inc. v. Wright,* 452 F.Supp. 182 (N.D.Tex. 1977), *aff'd,* 607 F.2d 1004 (5th Cir.1979).

██ In the present case, the contingency of a change in conservatorship does not seem to have been expected by either party. No clause in the contract addresses the parties' rights in the event of such a change, and that risk was not allocated. Because of the change in custody, performance in accord with the strict letter of the contract is impossible. Paying support to the mother would not accomplish the underlying purpose of the contractual provision, to support the son. Accordingly, when a change in custody occurs subsequent to a decree providing for conservatorship and support for the child's benefit as here, it certainly is a change in the state of things sufficient to excuse the corresponding performance required under the contractual terms, as the specific circumstances giving rise to the contractual terms no longer exist.

██ Furthermore, the doctrine of substantial compliance will excuse contractual deviations or deficiencies which do not seriously impair the purpose underlying the contractual provision. *Missouri Pac. R.R. Co. v. Dallas County Appraisal Dist.,* 732 S.W.2d 717, 721 (Tex.App.—Dallas 1987, no writ). Evident in the agreement itself, the purpose of the underlying contractual provision at issue, was to provide support for the male child. Both the agreement and the order require the father to support the child, and he currently is providing 100% of the child's support. Therefore, we construe the trial court's finding of substantial compliance to mean that the contract as modified by the

trial court's judgment, will continue to serve and fulfill the underlying purpose of the disputed provision; that being the financial support of the male child.

Even though he will provide that support in a manner which varies from the letter of the agreement, the father will be substantially complying with those requirements, as the underlying purpose is still being served. Consequently, we conclude the trial court did not abuse its discretion in finding that the father was supporting his male child as required under the contract, and that the father was in substantial compliance with those requirements. Point of error one is overruled.

■ In point of error two, the mother contends the trial court abused its discretion in rendering a possession order that does not substantially comply with the guidelines of the Family Code. We disagree.

■ Section 14.033 of the Family Code provides for a standard order regarding minimum possession of a child for a parent named as possessory conservator. A rebuttable presumption exists in a suit affecting the parent-child relationship that the standard order is in the child's best interest. Tex.Fam. Code § 14.033(k) (Vernon Supp. 1996). However, the trial court has discretion in devising a possession order, if it determines that application of the standard order would be unworkable or inappropriate under the circumstances. Tex.Fam. Code Ann. § 14.033(k) (Vernon Supp.1996).

The best interest of the children is the principal consideration in ascertaining issues regarding possession of the child. In determining the best interests of a child, the trial court has wide discretion and we must again determine whether it abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982); *MacCallum v. MacCallum*, 801 S.W.2d 579, 582 (Tex.App.—Corpus Christi 1990, writ denied).

The mother complains on appeal that the trial court inexplicably deviated from the standard forty-two day period of summer possession provided for in section 14.033(f)(4)(A) of the Code. She asserts the possession order must be reversed because the court did not cite any facts which explain the deviation. If possession of the child is contested and the court provides for possession at variance with the standard guidelines, the court, upon request, shall state in the order the exact reasons for the differences from the statute's standard. Tex.Fam. Code Ann. § 14.033(k) (Vernon Supp.1996).

In response to the mother's requests for Findings of Fact and Conclusions of Law, the trial court found with respect to possession:

Findings of Fact

\*　　\*　　\*　　\*　　\*　　\*

7. The best interest of the children requires that they be together as often as possible.
8. At the time of the divorce, the parties had agreed to a visitation schedule that deviated in some regard from the Standard Visitation Order in the Texas Family Code.

Conclusions of Law

\*　　\*　　\*　　\*　　\*　　\*

4. The visitation ordered is in substantial compliance with the Texas Family Code and the provisions of the Agreement Incident to Divorce given the split custody of the children.

From these findings, we conclude the trial court adequately stated grounds for its deviation, those being the existence of the divided custody arrangement (one child with each parent), and the court's belief that the best interest of the children would be served by having the children together as often as possible.

Since the father has custody of the male child and the mother is custodian of the female child in a divided custody arrangement, each of the parents could not have custody for at least forty-two days in the summer as possessory conservators *and* have the children remain together. Therefore, in keeping with what it deemed to be the best interest of the children (*i.e.*, keeping them together as often as possible), the trial court was authorized in deviating from the standard custody order. Consequently, we cannot say the possession order is inexplicable and without basis, or that the trial court

abused its discretion in making the deviation. Point of error two is overruled.

Accordingly, the judgment is affirmed.