NO. 07-01-0372-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 19, 2002

_____

In re A.N.H., a Child
_____

FROM THE 47th JUDICIAL DISTRICT OF RANDALL COUNTY;

NO. 48,249-A; HON.  DAVID L. GLEASON, JUDGE
_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Rebecca Vaughn, mother of A.N.H., a child, appeals from an order denying her petition to modify the support payments due from the child's father, Georges Abboud Hajje. Her various points of error concern whether the trial court abused its discretion in denying the relief because 1) the circumstances of the child materially and substantially changed and 2) the order sought to be modified violated public policy.  We reverse.

***Background***

In 1998, the trial court signed an "Agreed Order on Motion to Modify the Suit Affecting the Parent-Child Relationship."  The relationship referred to was that between Vaughn, Hajje, and A.N.H.  Therein, Vaughn and Hajje were appointed managing and possessory conservators, respectively.  Also included in the document were provisions 1)

denying Hajje visitation privileges with his daughter "until such time [she] initiates contact with [him] and/or expresses the desire to exercise visitation with" Hajje and 2) relieving Hajje of having to make his child support payments "until such time as visitation resumes between" the parent and child.[1]  Through the petition to modify which resulted in the pending appeal, Vaughn sought to modify the provision relieving Hajje from supporting his child.  Upon trial, the court executed a document entitled "Order Denying Relief in Suit to Modify" wherein it refused to grant Vaughn relief.

### Issue One — Change in Circumstances

Among other things, Vaughn contends that the circumstances of A.N.H. have materially and substantially changed.  Thus, the trial court allegedly erred in refusing to modify the parameters of Hajje's duty (or lack thereof) to pay child support.  Yet, nowhere did Vaughn cite authority supporting her contention, as required by Rule 38.1(h) of the Texas Rules of Appellate Procedure.  Nor did she accompany the allegation with explanation of applicable authority and pivotal fact.  Instead, we are merely cited to the record and told that modification was warranted.  In so presenting her contention, she waived it.  *See Bullard v. State*, 891 S.W.2d 14, 15 (Tex. App.--Beaumont 1994, no pet.)(discussing the rule as applied to a constitutional issue).

### Issue Two — Public Policy

Next, Vaughn posits that the trial court's refusal to modify the 1998 decree relieving Hajje from having to pay support violated public policy.  We sustain the contention.

---

[1]The reasons underlying the decision to vest a minor child with unfettered control over her father's visitation privileges do not appear in the record before us.

2

In contending that the portion of the 1998 decree relieving Hajje from paying support is invalid, Vaughn purports to collaterally attack the provision and final order. This is of import because one may not normally attack a final decree via an independent action. *In re Williams,* 998 S.W.2d 724, 727 (Tex. App.--Amarillo 1999, no pet.). Yet, this rule is inapplicable if the decree is void for reasons appearing on the face of the decree. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (Tex. 1961); *Chambers v. Rosenberg*, 916 S.W.2d 633, 635 (Tex. App.--Austin 1996, writ denied). Thus, if Vaughn is correct and the provision at issue contravenes public policy, then it is not only void, *Lawrence v. CDB Services, Inc.,* 44 S.W.3d 544, 555 (Tex. 2001) (holding that agreements in violation of public policy are void), but also a matter which we can entertain.

As to the issue of public policy, we note the legislature has indirectly spoken on the matter before us via §153.001 of the Texas Family Code. There, it stated that a "court may not render an order that conditions the right of a conservator to possession of or access to a child on the payment of child support." TEX. FAM. CODE ANN. §153.001(b) (Vernon Supp. 2002). While this may not expressly address the situation at bar, it nevertheless evinces the State's policy against rendering the payment of child support contingent upon the enjoyment of visitation.[2] Moreover, this legislative policy reflects that which was acknowledged by the judiciary long ago. Brethren within this State have held that an attempt to condition the support of one's child upon the ability to exercise visitation violates public policy. *Thurman v. Fatherree*, 325 S.W.2d 183, 186 (Tex. Civ. App.--San Antonio

---

[2]It can be said that the statute may not expressly address the situation before us because Hajje's visitation rights are not contingent upon his payment of support. Rather, they are contingent upon the personal desire of his minor daughter to see him.

3

1959, writ dism'd.). So too have our brethren outside the State so held. *See e.g., In re Adoption of P.J.K.*, 359 S.W.2d 360, 364-65 (Mo. App. 1962). Indeed, that is the public policy of most states within the nation. *Id.* (holding that most jurisdictions recognize that a contract by a father having for its object the evasion of, or relief from, his moral and legal duty to protect and care for his child is against public policy).

Here, we have a proviso in the 1998 decree relieving Hajje of his legal and moral obligation to support A.N.H. *See In the Interest of R.D.S.,* 902 S.W.2d 714, 719 (Tex. App.--Amarillo 1995, no writ) (holding that both parents have a legal and moral obligation to support their children). More importantly, he is so relieved as long as he is prevented from exercising visitation privileges. This is tantamount to rendering his duty to support contingent upon his enjoyment of visitation and, consequently, a violation of public policy. *Thurman v. Fatherree*, *supra*; *In re P.J.K.*, *supra*. Accordingly, the provision in the 1998 decree so conditioning Hajje's obligation was and is void.

Finally, in refusing to modify that portion of the 1998 decree which we have found to be against public policy, the trial court erred. This is so because a decision which fails to comport with public policy or the law is not a legitimate exercise of discretion. *In re Doe*, 917 S.W.2d 139, 141 (Tex. App.--Amarillo 1996, writ denied) (holding that while the decision to modify one's support obligation lies within the discretion of the trial court, the exercise of that discretion may not be arbitrary, unreasonable, or without reference to guiding rules and principles).

Accordingly, we reverse the "Order Denying Relief in Suit to Modify" and remand the cause for further proceedings.

4

Brian Quinn
Justice

Publish.