# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00445-CV

### In the Interest of R. G. G.

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT
NO. 03-062-F395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this appeal, Nancy Gee seeks to reverse the portion of the trial court's decree that does not order retroactive child support. For the reasons below, we affirm the trial court's decree.

## BACKGROUND

Nancy Gee and Richard Rocco are the parents of R.G.G., who was born in 1991 while Gee and Rocco were living together. When R.G.G. was one year old, Gee left Rocco and took R.G.G. with her. In 2003, Rocco filed a petition to establish paternity. Gee filed a general denial and prayed for general relief. The trial court entered temporary orders on April 23, 2003, concerning conservatorship, possession, and temporary child support. At a bench trial, the court heard evidence from Gee and Rocco, including the parties' incomes, parental counseling each had completed, child support Rocco had paid, Gee's expense for R.G.G.'s health insurance coverage, proposed possession periods, and whether the parties should have joint managing conservatorship. After trial, the court

entered a decree of paternity declaring Rocco to be R.G.G.'s biological father, appointing Gee as R.G.G.'s sole managing conservator, and ordering Rocco to pay child support. The court declined to order payment of retroactive child support.

## ANALYSIS

In her sole point of error, Gee argues that "the trial court abused its discretion by refusing to order retroactive child support based upon a finding of denial of possession or access, when no other grounds or theory for denying retroactive child support is supported by the record." She asserts that the court violated section 154.011 of the family code, which provides that "[a] court may not render an order that conditions the payment of child support on whether a managing conservator allows a possessory conservator to have possession of or access to a child." Tex. Fam. Code Ann. § 154.011 (West 2002).

**Standard of Review**

We review the trial court's refusal to order retroactive child support for an abuse of discretion. *See, e.g.*, *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Garza v. Blanton*, 55 S.W.3d 708, 710 (Tex. App.—Corpus Christi 2001, no pet.); *In re S.E.W.*, 960 S.W.2d 954, 955 (Tex. App.—Texarkana 1998, no pet.). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; that is, whether the act was arbitrary or unreasonable. *Worford*, 801 S.W.2d at 109. Because findings of fact and conclusions of law were not requested or filed, it is implied that the trial court made all findings necessary to support its

judgment. *Id*. The judgment must be affirmed if it can be upheld on any legal theory supported by the evidence. *Id*. We view the evidence in the light most favorable to the trial court's decision and disregard entirely that which is opposed to it or contradictory in its nature. *Id.* We may not substitute our judgment for that of the trial court on matters committed to the trial court's discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

**Retroactive Child Support**

Retroactive child support is available in two separate circumstances: it can be ordered when child support has not been previously ordered, and it can be ordered to retroactively modify a child support obligation. Tex. Fam. Code Ann. § 154.009 (West 2002); *id*. § 156.401(b) (West 2002); *Knight v. Knight*, 131 S.W.3d 535, 538 (Tex. App.—El Paso 2004, no pet.). Section 154.009 is applicable here, as Gee complains that the court refused to order retroactive child support upon the establishment of Rocco's paternity, when child support had not previously been ordered.

The family code gives the trial court discretion to determine whether to award retroactive child support when paternity is established; the award is not mandatory. Tex. Fam. Code Ann. § 154.009(a) ("court may order a parent to pay retroactive child support . . . ."); *id*. § 154.131(a) (West 2002) ("child support guidelines are intended to guide court in determining amount of retroactive child support, if any, to be ordered."); *id*. § 160.636(g) (West 2002) ("[o]n a finding of parentage, a court may order retroactive child support . . . ."); *Blanton*, 55 S.W.3d at 710; *In re J.H.*, 961 S.W.2d 550, 551 (Tex. App.—San Antonio 1997, no pet.).

**Gee's Pleadings**

Courts have required an award of retroactive child support to be supported by pleadings that seek affirmative relief. *See*, *e.g.*, *Martinez v. Martinez*, 61 S.W.3d 589, 590 (Tex. App.—San Antonio 2001, no pet.) (trial court erred in awarding judgment for child support arrearages in absence of pleading requesting that relief); *In re J.G.Z.*, 963 S.W.2d 144, 148 (Tex. App.—Texarkana 1998, no pet.) (mother's petition failed to request retroactive child support, but order for retroactive support upheld because mother included request in her motion to modify); *Grundy v. Grundy*, 589 S.W.2d 776, 777 (Tex. App.—Dallas 1979, no writ) (appellate court struck retroactive modification in trial court's order because mother's pleadings lacked any claim for retroactive child support). A request for retroactive child support is a claim for affirmative relief. *See*, *e.g.*, *In re B.I.V.*, 923 S.W.2d 573, 574 (Tex. 1996) (court characterized mother's request for retroactive child support as affirmative relief); *Attorney Gen. of Tex. v. Wilson*, 878 S.W.2d 690, 691 (Tex. App.—Beaumont 1994, no writ) (court characterized attorney general's suit for retroactive child support as a claim for affirmative relief in the form of money judgment).

Gee's general denial—her only pleading—did not request retroactive child support. Gee contends that "several courts have upheld an award of retroactive support in the face of an insufficient pleading challenge." In support of this proposition, she cites three decisions that are distinguishable from this case. *See Holley v. Holley*, 864 S.W.2d 703, 707 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (mother's amended cross motion contained request for retroactive child support); *Aguilar v. Barker*, 699 S.W.2d 915, 917 (Tex. App.—Houston [1st Dist.] 1985, writ denied) (in an involuntary paternity suit, mother's petition requested affirmative relief of child

4

support); *In re Lamirault*, No. 07-01-0133-CV, 2001 Tex. App. LEXIS 6629, at *2 (Tex. App.—Amarillo October 3, 2001, no pet.) (not designated for publication).

In each of these cases, the mother sought the affirmative relief of child support in a formal pleading. By contrast, Gee failed to file any pleading seeking affirmative relief. In the absence of Gee's pleading for such affirmative relief, the court did not abuse its discretion in denying retroactive child support.

**Trial Court's Decree Does Not Violate Family Code § 154.011**

Gee argues that the trial court abused its discretion by refusing to order retroactive child support based upon its "finding" that she denied Rocco possession or access to R.G.G. in the past. She asserts that no other ground or theory for denying retroactive child support is supported by the record. As proof, Gee asks us to consider the court's statements at the final hearing.

Gee did not request, and the court did not make, findings of fact and conclusions of law. The law is clear that a written judgment controls over a trial court's oral pronouncement. *In re J.J.*, 900 S.W.2d 353, 356 (Tex. App.—Texarkana 1995, no writ); *Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams*, 875 S.W.2d 784, 787 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Borden, Inc. v. Valdez*, 773 S.W.2d 718, 720 (Tex. App.—Corpus Christi 1989, orig. proceeding). Moreover, the Texas Supreme Court has ruled that a court of appeals is not entitled to consider any comments that the judge may have made at the conclusion of a bench trial as a substitute for findings of fact and conclusions of law. *In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984); *Narvaez v. Maldonado*, 127 S.W.3d 313, 316 n.1 (Tex. App.—Austin 2004, no pet.).

5

In this case, the trial court's decree states that retroactive child support is not ordered, without elaboration. The ruling appears beneath the heading titled "Retroactive Child Support" and provides: "No retroactive child support is ordered in this cause." Because the trial court's written decree does not condition the payment of child support on whether Gee allows Rocco to have possession of or access to R.G.G., we find that the decree does not violate section 154.011 of the family code. *See* Tex. Fam. Code Ann. § 154.011.

Cases interpreting section 154.011 involve a trial court's conditioning prospective child support payments on future access to the child. *See*, *e.g.*, *In re A.N.H.*, 70 S.W.3d 918, 919-20 (Tex. App.—Amarillo 2002, no pet.) (provision in decree that relieved father of obligation to support child as long as he was prevented from exercising visitation privileges violated public policy); *Seidel v. Seidel*, 10 S.W.3d 365, 369 (Tex. App.—Dallas 1999, no pet.) (trial court's order improperly made father's rights to possession of children and continuation of domicile restrictions contingent upon his payment of child support judgment); *Thurman v. Fatherree*, 325 S.W.2d 183, 186 (Tex. Civ. App.—San Antonio 1959, writ dism'd) (parents' agreement in decree that attempted to make child support contingent upon father's visitation privileges was against public policy and unenforceable) (citing *Hooks v. Bridgewater*, 229 S.W. 1114, 1118 (Tex. 1921)).

Here, the trial court did not improperly condition the payment of child support. Gee has not demonstrated that the trial court's denial of retroactive child support was an abuse of discretion.

**CONCLUSION**

Because we conclude that the district court did not abuse its discretion in refusing to order retroactive child support, we overrule Gee's sole point of error and affirm the decree.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   March 31, 2005