NO. 07-09-0045-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 27, 2009

_____

IN THE INTEREST OF S.M.L., A CHILD

_____

FROM THE 110th DISTRICT COURT OF FLOYD COUNTY;

NO. 9918; HONORABLE WILLIAM P. SMITH, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

S.M.L., the child the subject of this suit, is a male child born December 14, 2006. Appellants, S.M.L.'s maternal grandparents, appeal an order issued by the Honorable William P. Smith of the 110th District Court, affirming an order issued by Associate Judge Phil Vanderpool[1] terminating the parental rights of S.M.L.'s parents and appointing the Department of Family and Protective Services (hereinafter the "Department") as S.M.L.'s

[1]The role and power of an associate judge are ably described in the case of *In the Interest of T.D.S.T. and C.T.,* No. 07-08-0399-CV, 2009 WL 1011110, at *3 (Tex.App.–Amarillo, April 15, 2009, no pet.).

permanent sole managing conservator.  In a single issue, Appellants assert the trial court erred by either failing to appoint them as S.M.L.'s conservators or by failing to grant them possession or access to S.M.L.  We affirm.

**Background**

In March 2007, the Department placed S.M.L. in a foster home due to an abusive home environment and filed an original petition for conservatorship and termination of the parental rights of S.M.L.'s parents.[2]  Attached to the Department's petition was an affidavit by a Department caseworker, who sought an earlier emergency hearing and protective order, describing extensive acts of domestic violence between family members resulting in injuries to S.M.L.  Following an adversary hearing, the associate judge issued an order appointing the Department as S.M.L.'s temporary managing conservator.

On January 10, 2008, the associate judge issued an order authorizing placement of S.M.L. with Appellants.  The order further provided that the Department would continue serving as S.M.L.'s temporary sole managing conservator.  The order also prohibited any access, communication, or contact between S.M.L. and his parents, except under the direct supervision and monitoring of the Department.

---

[2]The petition for termination was filed in cause number 9918, in the 110th District Court in and for Floyd County, Texas.  The Department and S.M.L.'s parents were the only parties to the suit.

2

On January 31, a final hearing was held on the Department's petition. All parties, including an attorney and guardian ad litem for the child, appeared and announced ready. At that hearing, the Department presented irrevocable affidavits executed by S.M.L.'s parents voluntarily relinquishing their parental rights and consenting to the appointment of the Department as S.M.L.'s sole managing conservator. Jametra Hill, a Department caseworker, recommended the affidavits be accepted, the parental rights be terminated, and that S.M.L. remain placed with his maternal grandparents under the supervision of the Department.[3] Hill also indicated the Department would oversee the adoption process applicable to Appellants. S.M.L.'s guardian ad litem agreed that the parental rights of S.M.L.'s parents should be terminated and, in the event S.M.L.'s maternal grandparents were not the ultimate adoptive parents, that S.M.L. be placed for adoption by a non-relative. The associate judge then found the evidence sufficient, terminated the parental rights of S.M.L.'s parents, and appointed the Department permanent sole managing conservator of S.M.L. An order reflecting the associate judge's judgment was signed on March 5, 2008, and filed on March 10, 2008.[4] Pursuant to that order, the Department continued S.M.L.'s placement with Appellants.

Subsequent to the associate judge's oral pronouncement of judgment, but prior to the entry of a written order, a Department employee observed Appellants permitting

---

[3]An open adoption agreement entered into between S.M.L.'s parents and his maternal grandmother which permitted visitation between S.M.L. and his father was referenced at the hearing.

[4]The referring court did not sign or affirm that order until January 5, 2009. *See* Tex. Fam. Code Ann. § 201.013(b) (Vernon 2008).

contact between S.M.L. and his parents in violation of the order of January 10.[5]
Thereafter, at the discretion of the Department, S.M.L. was removed from Appellants' residence and, on February 25, he was placed in a second foster home studied and approved by the Department for adoption.

Two days after entry of the associate judge's written order of termination, on March 7, 2008, Appellants filed a *petition to intervene* in the Department's termination suit. The petition sought to have Appellants appointed as S.M.L.'s joint managing conservators, with the exclusive right to designate the primary residence of the child, in addition to an order granting Appellants possession of or access to the child.[6]

On July 22, Appellants filed a first amended petition in intervention and, in addition to previous remedies, requested adoption. On August 6, 2008, the associate judge issued an order granting the Department's motion to strike Appellants' original petition in intervention filed March 7. Thereafter, Appellants sought a *de novo* hearing before the referring court.[7]

---

[5]S.M.L.'s removal by the Department in March 2007 was prompted, in part, because Appellants violated an earlier safety plan requiring that neither parent be allowed to have any contact with S.M.L. unless supervised by the Department. In that incident, Appellants had permitted S.M.L.'s mother to take S.M.L. to Kansas.

[6]Although the associate judge had already terminated the parental rights of S.M.L.'s parents on January 31, 2008, Appellants' petition to intervene alleged that the parental rights had not been terminated. The petition did, however, acknowledge that both parents had previously executed either an affidavit of waiver of interest or an affidavit of relinquishment of parental rights.

[7]Appellants' request for a *de novo* hearing was deficient because the notice did not specify the ruling or issues for which the *de novo* hearing was sought. *See* Tex. Fam. Code Ann. § 201.015 (b) (Vernon 2008). Presumably, the request, filed three days after the associate judge granted the Department's motion to strike Appellants' original petition in intervention, sought to challenge that order.

On August 29, 2008, S.M.L.'s new foster parents, with the Department's consent, filed their original petition to adopt S.M.L. in the 237th District Court in Lubbock County. They also sought to intervene in the Department's suit to terminate the parental rights of S.M.L.'s parents filed in Floyd County.

In September, the associate judge reviewed and approved a placement report describing a permanency plan calling for S.M.L.'s adoption while continuing all previous orders without modification. On October 14, Appellants filed a second amended original petition in intervention in the Floyd County proceeding. On December 3, 2008, the trial court "reheard" the Department's termination suit. With all parties present, the trial court implicitly overruled pending objections to jurisdiction and standing, and proceeded to hear the merits of the case. In an order issued January 5, 2009, the trial court affirmed the associate judge's January 31, 2008 ruling. On January 26, 2009, Appellants filed their notice of appeal contesting that order.

## Standard of Review

A trial court has broad discretion to determine issues related to conservatorship, visitation, and possession, *see In re Doe 2,* 19 S.W.3d 278, 281 (Tex. 2000); *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex. 1982), and the decision of the court may be reversed only if it appears that the court abused its discretion in light of the record as a whole. *Id.* A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

5

*See In Interest of Doe*, 917 S.W.2d 139, 141 (Tex.App.–Amarillo 1996, writ denied). Furthermore, we may not reverse the trial court's judgment simply because we might disagree with the outcome. Rather, before a decision of the trial court may be reversed we must conclude that the decision lacked basis in fact or law or involved a misapplication of fact to law. *In re C.R.T.*, 61 S.W.3d 62, 65 (Tex.App.–Amarillo 2001, pet. denied).

When determining issues related to conservatorship or possession of and access to the child, the best interest of the child is the primary consideration. Tex. Fam. Code Ann. § 153.002 (Vernon 2008); *See In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). In determining the best interest of the child, the court may consider several non-exclusive factors: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parenting abilities of the parties seeking conservatorship; (5) the programs available to assist those persons; (6) the plans for the child by the parties seeking conservatorship; and (7) the stability of the home or proposed placement. *Holley v. Adams,* 544 S.W.2d 367, 372 (1976).

**Analysis**

S.M.L. was originally removed from the custody of his parents in January 2007, because the Department had serious concerns about his safety and well-being while in their presence. At that time, the child was placed in the home of Appellants, subject to a written safety plan stating that Appellants would not allow the parents to have any contact

with the child unless supervised by the Department. In March 2007, Appellants allowed the parents to have unsupervised possession of the child. During that period of unsupervised possession, the mother was arrested for domestic violence against the father and the child was once again removed by the Department.

In September 2007, following the completion of a home study and anger management classes, the child was again placed in Appellants' custody. Again, Appellants signed a safety plan agreeing to not allow the parents to have any contact with the child unless supervised by the Department. In January 2008, by order of the court, Appellants were specifically prohibited from allowing any "access, communication, or contact" between S.M.L. and his parents, except under the direct supervision and monitoring of the Department.

After the parents stopped participating in services offered by the Department, the decision was made to seek termination of their parental rights. Following the execution of voluntary relinquishments of paternity, the associate judge terminated the parental rights of the mother and father and appointed the Department as the child's sole managing conservator. At the time of that proceeding, the child was in Appellants' custody and the Department's plan was for them to adopt the child. A short time later, Appellants were observed allowing the parents unsupervised contact. This unauthorized contact prompted the Department to again remove the child from Appellants' home and place him in new foster care.

In addition to hearing testimony concerning the child's care and supervision while in the custody of Appellants, the trial court also heard testimony concerning the child's new placement. A case worker testified that the child had bonded with the new placement parents, that their care and supervision was appropriate, that the child referred to them as "Momma" and "Daddy," that they had initiated adoption proceedings, and that it was in the child's best interest that he remain in the new placement.

Given the instances of Appellants' failure to follow the safety plans adopted for the child, their inability to recognize the danger presented to the child by parental contact, as well as the prospective plans for the child, we cannot say that the trial court's decision to not appoint Appellants as managing conservators or to order possession or access was arbitrary, unreasonable, or without reference to any guiding rules or principles. Accordingly, Appellants' sole issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice