Opinion filed June 30,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00217-CV 

                                                    __________

 

                           IN
THE INTEREST OF B.F.K., A CHILD



 

                                  On
Appeal from the County Court at Law

 

                                                           Midland
County, Texas

 

                                                 Trial
Court Cause No. FM  47,190

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Peggy
Jo Kayser, appellant, is the mother of B.F.K.  Eugene Kayser, appellee, is the
father of B.F.K.  The trial court approved and signed their agreed final decree
of divorce on October 15, 2009.  Subsequently, appellant filed a petition to
modify the parent-child relationship on January 11, 2010.  This is an appeal
from the trial court’s judgment after a hearing on appellant’s petition.  We
reverse and remand.

Background
Facts

            In
the agreed final decree of divorce, appellant and appellee were appointed joint
managing conservators of B.F.K., who was fourteen at the time.  B.F.K. was to
spend alternate weeks with each parent.  The final decree noted that the parents
had agreed that appellee would maintain health insurance for B.F.K. and would
pay the $650 per month tuition for B.F.K. to attend Midland Christian School.

            The
agreed final decree also provided for alimony to be paid to appellant. 
Appellee agreed to pay alimony as follows:

(1)    $5,000.00
per month for a period of 24 months, commencing June 1, 2009, with the 24th
and final payment being due May 1, 2011; and

 

(2)   Thereafter,
commencing June 1, 2011, the monthly contractual alimony payment will be
$6,031.75 for a period of 63 months, until a total of $500,000.00 is paid in
full.

 

In
her petition to modify parent-child relationship, appellant asserted that the
agreed orders relating to possession of the child had become unworkable and
requested that the court order that appellee have visitation with B.F.K. at a
designated place on dates and times set by the court or, alternatively, that
the court order that appellee’s periods of visitation be supervised by a person
chosen by the court.  Appellant also alleged that appellee had exhibited a
pattern of child neglect and requested that the court deny appellee access to B.F.K. 
In addition, appellant requested that the child support payments previously
ordered should be increased.  The hearing on appellant’s petition was held on
June 18, 2010.

Appellant
states in her brief that counsel for appellee, in his opening statement, had
stipulated that appellee “should pay child support, at the maximum of $1,500.00
per month in child support.”  The statement by appellee’s counsel was as
follows:

I have my client’s
permission to agree that if the Court changes custody in this case, that
my client makes enough money to cap out at $1,500.00” (emphasis added).

 

The
court heard testimony from appellant and appellee.  Appellant testified that
appellee had not had his daughter overnight since the beginning of November
2009, that the child was upset with her father for not visiting with her, that B.F.K.
had told her that appellee had remarried and told B.F.K. that she was not to
come to his house, and that appellee had cancelled counseling sessions with B.F.K. 
Appellee testified that he loved his daughter, wanted to have a relationship with
her, and wanted her to visit with him in his home.  However, appellee had
remarried in May 2010, and his daughter refused to come to his home if the new
wife was present.  Appellee testified that he had taken his daughter to lunch
on occasion and given her spending money when she went on a trip.  He also said
that he had paid $5,400 for his daughter and her mother to attend a modeling
audition, $650 monthly tuition to the Midland Christian School, $90
periodically for cheerleading tumbling classes, and $150 a month for his daughter’s
cell phone.

The
judge then interviewed B.F.K. in chambers with the court reporter present.  The
interview was not recorded.  Upon returning to the court, the judge stated that
he was very impressed with B.F.K. but that he was convinced that B.F.K. was not
going to have anything to do with appellee’s new wife even though B.F.K. had
not met the new wife.  The judge then stated that he was not going to order
court-ordered visitation.  And because there would be no court-ordered
visitation for appellee, the judge concluded that appellee would not have to
pay child support or the $650 monthly tuition to B.F.K.’s school.  The judge
observed that the $650 monthly tuition requirement was “part of the negotiated
agreement settlement of May the 19th of 2009, because that agreement
and settlement was based upon a fair exchange of the child week on and week off.”

As
for the child’s concern about continuing to attend Midland Christian School,
the judge said that he had told B.F.K., “[Y]our mother is receiving $5,000.00 a
month.  She can afford to send you to Midland Christian if she desires to do
so.  I am not going to order your father to do that since he has no possibility
of Court-ordered visitation.”

In
its findings, the court found that appellant should be named the parent with
the sole right to determine the primary residence of the child, that the child
refused to visit with appellee and his new wife, that no visitation should be
ordered, that appellee should not pay child support although he had stipulated
that he had the ability to pay $1,500 per month in child support, and that
appellee should not pay the tuition to Midland Christian School.  The court
then ordered that appellee was not required to pay child support to appellant
for B.F.K., that he was not required to pay the school tuition, and that he was
not to have possession of or visitation rights with B.F.K.

Issues

            Appellant
presents two issues:  (1) the trial court abused its discretion by not
requiring appellee to pay any child support for his fifteen-year-old child and
(2) the trial court abused its discretion in removing the agreed requirement in
the divorce decree that appellee would pay the tuition expenses of the child at
Midland Christian School.

Analysis

            A
parent has a duty to support the child, including providing the child with
clothing, food, shelter, medical and dental care, and education. Tex. Fam. Code Ann. § 151.001(a) (Vernon
2008).  Section 154.011 provides that a court may not render an order that
conditions the payment of child support on whether a managing conservator
allows a possessory conservator to have possession of or access to a child.  See
also Id. § 153.001.

            In
her petition, appellant requested that the court deny appellee “access to the
child.” Although the court encouraged appellee to have dinner dates and other
visits with his daughter, the court essentially granted appellant’s request. 
And the court’s order implicitly conditioned the payment of child support, or
rather the nonpayment, on the fact that appellee would have no possession or
access to B.F.K. except for brief visits consented to by B.F.K.

            In
the case of In re A.N.H., 70 S.W.3d 918 (Tex. App.—Amarillo 2002,
no pet.), the trial court signed an agreed order on motion to modify the suit
affecting the parent-child relationship.  In the agreed order, the mother was
appointed managing conservator and the father was appointed possessory
conservator.  Also included in the agreement was a provision (1) denying
the father visitation privileges with his daughter “until such time [she]
initiates contact with [him] and/or expresses the desire to exercise visitation
with” her father and (2) relieving the father of having to make child
support payments “until such time as visitation resumes between” the father and
the child.  70 S.W.3d at 919.

Seeking
child support payments, the mother subsequently filed a petition to modify the
provision.  The trial court denied relief.  The court of appeals observed that
this case involved a collateral attack on the provision in the agreed final
order.  The mother argued that the provision violated public policy and was
void.  The court agreed, holding that the provision was void because it
violated the public policy set forth in Section 153.001(b):  “A court may not
render an order that conditions the right of a conservator to possession of or access
to a child on the payment of child support.”

            The
father’s visitation rights in In re A.N.H. were not contingent upon his
payment of support; they were contingent upon the personal desire of his minor
daughter to see him.  Appellee’s visitation and possessory rights were denied
here because of his daughter’s personal desires.  In effect, however, the
court’s order conditioned appellee’s support of B.F.K. upon his ability to
exercise visitation and possession rights.  Because the order violates public
policy, we sustain appellant’s first issue.  See also Seidel v.
Seidel, 10 S.W.3d 365 (Tex. App.—Dallas 1999, no pet.); Thurman v.
Fatherree, 325 S.W.2d 183, 186 (Tex. Civ. App.—San Antonio 1959, writ
dism’d). 

            Section
154.125(b) provides that, if the parent’s monthly resources are not greater
than $7,500, the court shall presumptively order the parent obligor to pay 20%
of those net resources.  The amount of child support payments established by
the child support guidelines is presumed to be reasonable, and an order of
support conforming to the guidelines is presumed to be in the best interest of
the child.  Section 154.122.  The presumption is rebuttable by evidence that
shows a variance is in the child’s best interests.  Section 154.123(a).  In
determining whether to vary from the guidelines, the court shall consider
evidence of all relevant factors, including those factors listed in Section
154.123(b).  

            Although
we need not address appellant’s second issue, we note that, in appellee’s
counsel’s opening statement, he stated that appellee made enough money for any
monthly child support to “cap out at $1,500.00.”  And during his
cross-examination of appellant, counsel for appellee gave notice to appellant
that, if appellee were ordered to pay $1,500 in monthly child support to
appellant, appellee would ask the court to order that appellee did not have to
pay the $650 monthly tuition payment.  Appellee’s counsel also reminded
appellant that appellee paid B.F.K.’s monthly cell phone payment of $150.  In
her petition, appellant had requested that the previously ordered child support
be increased.  The only previously ordered payments with respect to B.F.K. were
the monthly tuition of $650 and the payments for health insurance on B.F.K. These
matters, as well as the father’s possession and visitation rights, may be
reconsidered in the retrial.

Conclusion

            The
judgment of the trial court is reversed, and the cause is remanded for further
proceedings.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

June 30, 2011

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.