**INTERNATIONAL INSURANCE COMPANY, Appellant,**

v.

**HERMAN G. WEST, INC., and Herman G. West, Individually, Appellee.**

No. 2-82-122-CV.

Court of Appeals of Texas, Fort Worth.

April 21, 1983.

Crumley, Murphy & Shrull and John W. Crumley, Fort Worth, for appellant.

Shannon, Gracey, Ratliff & Miller and John H. Hudson, III, David Keltner, Fort Worth, for appellee.

Before HUGHES, JORDAN and ASH-WORTH, JJ.

## OPINION

HUGHES, Justice.

International Insurance Company has appealed the partial summary judgment which ordered it to defend Herman G. West, Inc. and Herman G. West, Individually, in a law suit brought by Berlie Upton, Jr. and Craig Upton, son, against "Herman West d/b/a AAMCO Transmission" at 1112 West Seventh Street, Fort Worth, Texas. The Upton's first amended petition alleged that West, in negligently repairing Upton's automobile transmission, caused damage to the engine and parts appurtenant thereto on Upton's automobile. The partial summary judgment ordered International to defend the law suit against West-Aamco and allowed attorney's fees for West, Inc., and individually against International in this suit. The trial court, however, denied West's claim for defensive costs incurred in the Upton suit—this without prejudice to a possible future recovery of same.

We reverse and remand.

In its point of error number eight International avers that the trial court erred in failing to give International at least twenty-one days notice of the time specified for hearing on the motion for summary judgment. The transcript reflects:

July 6, 1981—

West, Inc. and West individually, filed a motion for partial summary judgment.

December 2, 1981—

International filed objections to such motion.

January 6, 1982—

An amended objection filed.

January 6, 1982—

XIX numbered paragraphs in answer to motion for partial summary judgment filed.

January 7, 1982—

West's first amended motion for partial summary judgment filed.

January 8, 1982—

International's first supplemental answer to motion filed.

January 8, 1982—

West's second amended motion filed.

April 19, 1982—

Order granting motion for partial summary judgment entered · reciting February 25, 1982 as date of hearing on same.

April 30, 1982—

Motion of International to set aside partial summary judgment filed.

April 30, 1982—

Order rescinding partial summary judgment and setting a hearing on the merits of the motion for summary judgment for instanter entered.

May 19, 1982—

Judgment for partial summary judgment for West entered, reciting hearing thereon April 30, 1982.

"The time specified for the hearing" is the key phrase in considering this point of error. This phrase is lifted out of Tex.R. Civ.P. 166–A(c), which recites in its first four sentences:

(c) Motion and Proceedings Thereon. The motion for summary judgment shall state the specific ground therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing.

The only reference we can find in the record to a "time specified for" any hearing is in the trial court's order of April 30, 1982 which rescinded the partial summary judgment of April 19, 1982 and "ORDERED that a hearing on the merits of the Motion for Summary Judgment shall be held instanter".

The "Certificate of Service" at the bottom of plaintiff's second amended motion for partial summary judgment reflects that a copy of such motion was sent to John W. Crumley, attorney of record for the defendant on the 4th day of March, 1982. This date is obviously more than twenty-one days before April 30, 1982 "instanter". January 8, 1982, the date such motion was filed, is also more than twenty-one days before April 30, 1982.

■ Does an adverse party have the right to know with specificity when the seven day cut off period (for filing opposing affidavits or other written response) ends his filing rights? Is that knowledge imparted to him "instanter" (seven days too late for him "to file response or opposing affidavits") adequate notice? International had nearly two months to file a reply to the second amended motion. It appears that its claim as to not having opportunity to file objections to such motion is not well founded. However, summary judgment is a harsh remedy and must be strictly construed. *Taylor v. Fred Clark Felt Co.*, 567 S.W.2d 863 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd. n.r.e.). This would apply to application of the rules of procedure as well as to substantive matters. After a party has been served with notice of a motion for summary judgment in one term of court the motion may be heard at the later term without service of another notice. All that is required is reasonable notice of the hearing thereon (actual notice of 8 days to adverse party held sufficient, *Thurman v. Fatherree*, 325 S.W.2d 183 (Tex.Civ.App.—San Antonio 1959, writ dism'd)).

Here, all parties were before the trial court on April 30, 1982 apparently on a

motion to set aside the first partial summary judgment. In one breath the first summary judgment was rescinded. In the next breath a second motion was set and heard instanter all in one fell swoop.

We can understand the trial court's feeling in wanting to expedite what is supposed to be a summary proceeding, particularly one that had gone from July to April without resolution. However, since rule 166–A(c) recites a seven day cut off, we hold this to be a minimum time for reasonable notice of a hearing.

We sustain point of error number eight. We have examined all the other points of error urged, but in light of our remand, we deem it unnecessary to pass upon them.

Reversed and remanded.