**William G. BROWN, Appellant,**

**v.**

**CAPITAL BANK, N.A., Appellee.**

**No. A14–85–420–CV.**

Court of Appeals of Texas,
Houston (14 Dist.).

Nov. 14, 1985.

Rehearing Denied Dec. 12, 1985.

Morris E. Belilove, Houston, for appellant.

Steven J. Lownds, John J. Edwards, of Winstead, McGuire, Sechrest & Minick, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from the granting of a summary judgment in favor of appellee, Capital Bank, N.A. We affirm the judgment of the trial court as modified.

Appellee brought suit against appellant, William G. Brown, on two promissory notes. Appellant's pleadings consist of two identical general denials and his responses to appellee's Requests for Admissions. In those responses appellant admits elements necessary to the proof of appellee's cause of action. Appellee then filed a Motion for Summary Judgment, supported by affidavits and the admissions of appellant. The motion and Notice of Hearing on the motion were sent by certified mail to appellant on January 22, 1985. The hearing was to be held on February 18, 1985, and the motion, certificate of service and the supporting documents were filed in the trial court on January 28, more than twenty-one

days before the hearing was to be held, pursuant to Rule 166–A(c) of the Texas Rules of Civil Procedure. On February 14, by agreement of the parties, the hearing date was reset to March 25. On March 23, appellee was notified by the clerk of the court that, due to a crowded docket, the hearing was reset to April 8, 1985. Appellee immediately sent notice to appellant by certified mail of the *court reset* to April 8. Appellant claims he did not receive appellee's letter until April 5. There is nothing in the record which contradicts this claim.

The hearing on appellee's Motion for Summary Judgment was held on April 8, and appellant appeared and filed a Motion for Continuance. The trial court granted appellee's Motion for Summary Judgment, impliedly overruling appellant's Motion for Continuance.

Appellant argues in his first point of error that the trial court erred in not granting his Motion for Continuance because the notice he received on April 5 for the hearing on April 8 was insufficient under Rule 166–A(c). That rule provides in pertinent part:

> Except on leave of court, with notice to opposing counsel, the motion and supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.

Tex.R.Civ.P. 166–A(c).

Appellant cites this court's opinion in *Gulf Refining Co. v. A.F.G. Management 34 Ltd.*, 605 S.W.2d 346 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), in support of his argument that notice was insufficient. We agree *Gulf Refining* requires that notice of hearing be given at least twenty-one days before the date the hearing is to be held, but that case does not support appellant's argument of insufficient notice. In *Gulf Refining*, appellees served their First Amended Motion to Dismiss on September 19, 1979. The motion, which was later construed by all parties to

be a motion for summary judgment, was filed in the trial court on September 20. *No hearing date was requested at that time.* Instead, appellees notified appellant on October 30 that a hearing was to be held on November 9. On November 1, the parties reset the hearing for November 15. Appellant filed a motion for continuance on November 14. The hearing was held as scheduled with all parties present, and appellant's motion for continuance was overruled. This court held that appellant's notice of the hearing was insufficient. Only fourteen days passed from the notice of November 1 until the date of the hearing, and only sixteen days passed from the date notice was originally given on October 30.

The case at bar presents a different situation. Here, the motion and notice for the hearing were originally served on January 22. The hearing was scheduled for February 18, 1985, more than twenty-one days after the filing and notice of the motion. As of February 14, 1985, appellant had filed no pleadings or other response to the motion. On February 14, the hearing was reset by agreement to March 25, more than twenty-one days later. By March 23, appellant still had no pleadings or other response on file. The *trial court* then reset the hearing to April 8. On April 5, the date appellant claims he received notice of the April 8 hearing, he still had no response to the motion on file. Although appellant had more than the twenty-one day notice on two prior occasions, when the *court* reset the hearing, appellant was given fourteen additional days in which to file responses. Although summary judgment may not be granted by default solely because of the lack of an answer or response to the motion, *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), under the circumstances of this case appellant cannot now complain he was given insufficient notice in which to prepare a response to the motion when, in fact, he had notice as early as January 22, more than seventy-five days prior to the hearing.

The case of *International Insurance Co. v. Herman G. West, Inc.*, 649 S.W.2d 824 (Tex.App.—Fort Worth 1983, no writ), was relied upon by appellant during oral argument. In that case, two motions for partial summary judgment had been filed. The court granted one and appellant requested a hearing on a Motion to Set Aside. At that hearing, the court rescinded the partial summary judgment and set a hearing *instanter* on the merits of the motion for summary judgment. The court subsequently entered an order granting partial summary judgment and recited the previous hearing held instanter. The Fort Worth Court of Appeals reversed, citing Rule 166–A(c). That court recognized the motions had been on file for months, therefore satisfying the twenty-one day requirement of Rule 166–A(c); however, the court found appellant was denied the right to know when his seven-day cutoff period, prior to hearing, commenced or ended. The hearing instanter denied appellant the right to file responses at least seven days prior to the hearing. In other words, from a minimum requirement of seven days, the appellant's time was reduced to zero by the court's order of a hearing instanter with no notice.

■ In the case at bar, however, the record reflects the time specified for a hearing on appellee's motion was February 18, 1985. Appellant knew that February 11 was his cutoff date for filing a response and/or opposing affidavits. Appellant failed to file anything prior to that date. When the hearing was reset by agreement to March 25, appellant again knew that his cutoff date was March 18. Yet, he still had no response or opposition on file March 23, the day *the court* reset the hearing and two days before the March 25 hearing was to be held. By resetting the hearing from March 25 to April 8, the trial court did not *diminish* appellant's time for response, but in fact *increased* it. Appellant has failed to respond in any manner to a motion for summary judgment filed seventy-six days before the hearing. We therefore find no error.

■ We further find appellant's request for a continuance was not based on sufficient cause in accordance with Rule 251. On oral submission appellant argued he has and can show the court legal defenses to the cause of action and the Motion for Summary Judgment. However, appellant failed to file an affidavit, pursuant to Rule 166–A(f), stating reasons why he could not present facts essential to justify his opposition to the Motion for Summary Judgment at the time of the hearing. *See Hudenburg v. Neff*, 643 S.W.2d 517 (Tex.App.—Houston [14th Dist.] 1982) *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 313 (1983). Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the trial court's judgment is inconsistent on its face and the interest rate stated on one of the notes conflicts with the statements in the affidavit of Hugh S. Fonville. Appellant further contends the language in the affidavit violates the usury statutes of this state. However, appellant fails to support these contentions with argument or authorities. Points of error are required to be supported by argument and authorities and if not so supported are waived. Tex.R.Civ.P. 418(e); *Golden Villa Nursing Home v. Smith*, 674 S.W.2d 343 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Consequently, appellant's second point of error is overruled.

■ Appellee, by counter-point of error, directs this court's attention to an error in the calculation of the judgment. The trial court awarded appellee "One Hundred Fifty-Seven Thousand Dollars ($157,000.00), together with accrued and unpaid interest, as of the date hereof, in the amount of $70,933.16" for the first note, and "Two Thousand Five Hundred Twenty-Two and ²⁴/₁₀₀ Dollars ($2,522.24), together with accrued and unpaid interest, as of the date hereof, in the amount of $796.64" for the second note, "for a total judgment of $228,-152.04."

Appellee points out the total judgment figure stated in the final summary judgment is $3,100.00 less than the sum of the notes plus interest. The error in addition may be traced to the fact that $3,100.00 in attorney's fees was requested, denied by the court, and then erroneously subtracted from the total judgment figure. When the trial court denied appellee's attorney's fees because of the late filing of the supporting affidavit, the parties obviously subtracted this amount from the total judgment.

We therefore modify the total judgment to include the $3,100.00 erroneously deleted. The final judgment should award appellee One Hundred Fifty-Seven Thousand Dollars ($157,000.00), together with accrued and unpaid interest, as of April 8, 1985, in the amount of $70,933.16 for the first note, and Two Thousand Five Hundred Twenty-Two and $^{24}/_{100}$ Dollars ($2,522.24), together with accrued and unpaid interest, as of April 8, 1985, in the amount of $796.64 for the second note, for a total judgment of $231,252.04, together with interest on the total judgment amount at the rate of ten percent (10%) per annum from April 8, 1985, until finally paid.

Accordingly, the judgment of the trial court is affirmed as modified.