Opinion filed May 18, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00274-CV

_____

## PDG, INC.; JFAL HOLDING COMPANY, LLC; AND MICHAEL DIXSON, Appellants

## V.

## ABILENE VILLAGE, LLC; PILLAR ABILENE VILLAGE INVESTORS, LLC; AND PCG MANAGEMENT, LLC, Appellees

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 27844-B**

### O P I N I O N

Rule 166a(c) of the Texas Rules of Civil Procedure provides that a response to a motion for summary judgment must be filed "not later than seven days prior to the day of [the] hearing." TEX. R. CIV. P. 166a(c). In this case, Appellees, who were movants below, argue that, once Appellants failed to respond to the motion within seven days of the date for which the hearing was initially noticed, Appellants lost

the right to file a response in the future, even though the hearing did not take place on the date as scheduled in the initial notice. We hold that the timeliness of the response is determined based on the actual date of the hearing, rather than the date on the initial notice. Thus, Appellants had a right to a new notice and opportunity to respond before the actual hearing date. Because Appellants did not receive such notice, we reverse and remand.

*Background Facts*

Appellee Abilene Village, LLC (hereinafter Abilene Village) was formed in 2016 for the purpose of developing a shopping center in Abilene. Appellee Pillar Abilene Village Investors, LLC (hereinafter PAVI) and Appellant JFAL Holding Company, LLC (hereinafter JFAL) are the financial interest holders in Abilene Village. Appellant PDG, Inc. (hereinafter PDG) is the developer of the property. Appellants PDG and JFAL are both owned by Appellant Michael Dixson. Appellee PCG Management, LLC (PCG) is a third-party defendant.

Appellees alleged that PDG breached its development agreement with Abilene Village by mismanaging the project. They further alleged that JFAL failed to provide funding for the project in accordance with its back-stop guarantee, and that Dixson committed fraud when he represented that JFAL had sufficient assets to cover any cost overruns. Appellants denied all of these allegations.

Appellees filed their motion for summary judgment on March 18, 2021. Previously, the trial court had granted motions to withdraw filed by counsel for Appellants, effective February 25, 2021. Thus, at the time the motion for summary judgment was filed, Appellants were not represented by counsel of record.

The motion for summary judgment was set for a hearing on April 9, 2021. A notice of the hearing was prepared by counsel for Appellees and filed with the

2

district clerk on March 19, 2021. It stated that the hearing would occur on Friday, April 9, 2021, at 11:00 a.m., and that it would be conducted remotely via Zoom.[1]

The certificate of service on the notice for the April 9 hearing states that the notice was e-mailed to Michael Dixson, as well as attorney Jeffrey Carruth, who—according to Appellees—had previously indicated he would be entering an appearance for Appellants. Appellants do not complain that they were unaware of the notice.

On April 8, 2021, one day before the hearing, Appellant JFAL filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Western District of Texas (hereinafter the bankruptcy court). Carruth served as the attorney for JFAL in the bankruptcy. After receiving a copy of the bankruptcy petition, Appellees filed a Notice of Bankruptcy Filing in the trial court. Carruth also sent a letter to the trial court, notifying it of the bankruptcy.

Counsel for Appellees appeared via Zoom at the time that had been scheduled for the hearing on the motion for summary judgment. Counsel informed the trial court that Carruth was taking the position that all of the claims in the case, including the claims asserted against Dixson and PDG, were subject to a bankruptcy stay. *See* 11 U.S.C. §§ 301, 362. After hearing this contention, the trial court indicated that it was going to take the issue of the bankruptcy stay under advisement, and counsel for Appellees acknowledged the trial court's determination and stated, "[L]et's consider things stayed right now." He further agreed that "we are not going to be able to have this summary judgment hearing today."

---

[1]At the time, remote hearings were authorized by the Supreme Court under its *Thirty-Sixth Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 897 (Tex. 2021).

On May 25, 2021, PDG removed the entire case to the bankruptcy court. Thereafter, on July 14, 2021, the bankruptcy court entered an order remanding the proceeding back to the trial court. After the case was remanded, Appellees submitted a written request to the trial court to "take the MSJ's [sic] up by submission and sign a Final Summary Judgment." Appellees stated as follows in the prayer of their written request:

> [Appellees] respectfully pray that the Court enter a final Summary Judgment in this case, in the form of the attached Exhibit C, or such other form as the Court determines proper; or, alternatively, if the Court desires oral argument, that oral argument hearing be set as expeditiously as possible, and that the order or notice setting oral argument hearing provide that only filings that were on file with the Court as of April 2, 2021 will be considered.

Two days later, new counsel for Appellants appeared in the case and filed an objection, arguing that the motion for summary judgment should not be taken up until a new notice of hearing had been issued.

The trial court requested that Appellees set up a hearing, and counsel for Appellees then served a document on Appellants entitled "Notice of Hearing on Plaintiffs' and Third Party Defendant's Request for Entry of Summary Judgment." The notice was served on counsel for Appellants on August 11, 2021. It stated that Appellants' "Request for Entry of Summary Judgment" would be heard via a Zoom teleconference on August 17, 2021. The text of the notice did not, however, purport to set a hearing on the motion for summary judgment itself. An amended notice was issued on August 12 to correct a misstatement regarding the day of the week on which the hearing was scheduled, but it was otherwise substantially the same, and Appellants do not maintain that they were confused by the error in the August 11 notice.

At the outset of the hearing on August 17, the trial court announced that "[w]e are here on a Motion for Summary Judgment filed by the plaintiffs." The trial court also later stated that it "wanted a hearing regarding the summary judgment" and that it needed to have the parties "walk [it] through some of the numbers and the damages that are requested in the proposed order." Counsel for Appellants reiterated their objection to a determination of the motion for summary judgment on immediate submission, and she requested that any hearing on the motion for summary judgment be postponed until they could "get the seven days permitted under the Texas rules for a response." The trial court then acknowledged that proceeding in that manner would be "essentially like having . . . an oral hearing on a summary judgment," and inquired of counsel for Appellees as to whether this would "do anything to reset the deadline" for Appellants to respond to the motion for summary judgment. Counsel for Appellees replied, "No, it doesn't, Your Honor."

After further discussion, the trial court overruled Appellants' objections and indicated that it intended to hear argument specifically on the issue of attorneys' fees. During the following discussion, it became apparent that an exhibit in support of Appellees' claimed attorneys' fees was missing from the motion for summary judgment, and—upon realizing the error—Appellees withdrew their claim for attorneys' fees. The trial court then announced that it was granting summary judgment for Appellees. A final summary judgment in favor of Appellees was signed by the trial judge on August 17, 2021, and this appeal followed.

*Analysis*

In their third issue, Appellants complain that the trial court erred in granting summary judgment because they did not receive a notice of the summary judgment hearing for August 17. Similarly, in their fourth issue, Appellants complain that—even if the notice for the August 17 hearing is construed as a notice of a summary

5

judgment hearing—such notice was not provided at least seven days in advance of the hearing, in violation of Rule 166a(c) of the Texas Rules of Civil Procedure.

A trial court's rulings on motions for leave to file a late response to a summary judgment and/or to postpone the hearing on a motion for summary judgment are reviewed for an abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex. 2002); *Tex. Dep't of Aging & Disability Servs. v. Mersch*, 418 S.W.3d 736, 739 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (motion to strike a late-served summary-judgment response); *Duchene v. Hernandez*, 535 S.W.3d 251, 255 (Tex. App.—El Paso 2017, no pet.) (motion to file late response). A trial court abuses its discretion when it fails to correctly analyze or apply the law. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004).

Because summary judgment is a harsh remedy, the notice requirements of Rule 166a must be strictly construed. *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 383 (Tex. App.—Fort Worth 2005, pet. denied); *Canadian Triton Int'l Ltd. v. JFP Energy, Inc.*, 888 S.W.2d 235, 237 (Tex. App.—El Paso 1994, no writ); *Stephens v. Turtle Creek Apartments, Ltd.*, 875 S.W.2d 25, 27 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Guinn v. Zarsky*, 893 S.W.2d 13, 17 (Tex. App.—Corpus Christi–Edinburg 1994, no writ); *Krchnak v. Fulton*, 759 S.W.2d 524, 529 (Tex. App.—Amarillo 1988, writ denied); *Sams v. N.L. Indus., Inc.*, 735 S.W.2d 486, 487 (Tex. App.—Houston [1st Dist.] 1987, no writ); *see also O'Neill v. Startex Petroleum, Inc.*, 715 S.W.2d 802, 803 (Tex. App.—Austin 1986, no writ) (summary judgment rules must be strictly construed); *Int'l Ins. Co. v. Herman G. West, Inc.*, 649 S.W.2d 824, 825 (Tex. App.—Fort Worth 1983, no writ) (same). More specifically, such requirements must be strictly construed against the movant. *Lee v. McCormick*, 647 S.W.2d 735, 738 (Tex. App.—Beaumont 1983, no writ). "A trial court that grants summary judgment without notice of the hearing to

the nonmovant errs in granting it." *B. Gregg Price, P.C. v. Series 1 - Virage Master LP*, 661 S.W.3d 419, 423 (Tex. 2023).

*The Requirement of Notice*

Appellants maintain that, once the April 9 hearing was passed, they were entitled to notice of a new date for a hearing or submission. This contention is correct. Rule 166a(c) provides as follows:

> The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, *the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response*.

TEX. R. CIV. P. 166a(c) (emphasis added). Under this rule, a motion for summary judgment must be filed at least twenty-one days "before *the time specified for the hearing*" (emphasis added), suggesting that the deadline for filing the motion is tied to the date of the hearing that is anticipated at the time the motion is filed. However, Rule 166a(c) requires a response to be made at least seven days prior to "the *day of* [*the*] *hearing*" (emphasis added). The timeliness of the *response* is therefore determined based on the date on which the hearing is actually conducted, rather than the date on which it is initially anticipated that the hearing will be conducted.

In accordance with this principle, once a hearing on a motion for summary judgment is canceled, the initial notice of hearing is nullified. *See B. Gregg Price, P.C.*, 661 S.W.3d at 423. As noted by the Texas Supreme Court, "A new hearing requires a new notice. . . . All interested parties must receive notice and a meaningful opportunity to respond when a court reschedules a previously canceled hearing." *Id.* Thus, the nonmovant's time to respond to the motion for summary judgment is increased accordingly. *Huffine v. Tomball Hosp. Auth.*, 979 S.W.2d 795, 798 (Tex.

7

App.—Houston [14th Dist.] 1998, no pet.); *LeNotre v. Cohen*, 979 S.W.2d 723, 726 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) ("By rescheduling a hearing, the movant is actually giving the nonmovant additional time to respond."); *Hart v. State*, No. 03-02-00542-CV, 2003 WL 549273, at *3 (Tex. App.—Austin Feb. 27, 2003, no pet.) (mem. op.) (rescheduling hearing gives respondent additional time to respond); *Brown v. Cap. Bank, N.A.*, 703 S.W.2d 231, 233 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (discussion of the effect of rescheduled hearings in extending the nonmovant's deadline for response). For that reason, a new notice of hearing is necessary. *B. Gregg Price, P.C.*, 661 S.W.3d at 423.

In this case, a hearing on the motion for summary judgment was initially set for April 9. This hearing did not go forward because of the trial court's concerns about the effect of a bankruptcy stay. Thereafter, on August 17, the trial court conducted a hearing on the motion, ruling in favor of Appellees.

While a notice was issued to Appellants regarding the August 17 hearing, it was not sufficient to serve as a notice of a new summary judgment hearing. The notice indicates that the trial court intended to take up a "Request for Entry of Summary Judgment," and the notice was served on Appellants shortly after Appellees requested, and the parties had extensively briefed, the issue of whether a summary judgment should be rendered without further notice or hearing. At the very least, such notice was ambiguous as to whether the trial court intended to take up the merits of the motion on August 17.

Appellees assert that no notice of hearing whatsoever is required once a nonmovant fails to respond to an initial notice. They argue that, because Appellants did not respond within seven days prior to the hearing that was scheduled for April 9, their "response deadline had passed" and "the trial court was free to rule on the now-undisputed MSJ with or without oral argument." This contention mirrors their

argument before the trial court, in which they asserted that the court could consider the motion for summary judgment by "submission," without further notice or oral hearing.

Appellees correctly point out that a hearing on a motion for summary judgment need not be an oral hearing. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998); *BP Auto. LP v. RML Waxahachie Dodge, LLC*, 517 S.W.3d 186, 210–11 (Tex. App.—Texarkana 2017, no pet.). The court may also choose to take up the motion by submission. *Martin*, 989 S.W.2d at 359. However, the decision to take up a motion by submission does not alleviate the court or the movant, under circumstances such as this, to issue a notice of submission prior to consideration of the motion. As is the case with a notice of an oral hearing, notice of the submission of a motion for summary judgment is required, so that the due date for the response can be fixed. *Id.* Thus, when a motion is taken up by submission, notice of a date certain on which the motion will be submitted is required under Rule 166a(c). *BP Auto*, 517 S.W.3d at 211; *Ready v. Alpha Bldg. Corp.*, 467 S.W.3d 580, 584–85 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("The failure to give notice of the submission date for a motion for summary judgment constitutes error." (quoting *Aguirre v. Phillips Props., Inc.*, 111 S.W.3d 328, 332 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied))). This requirement is not limited to the initial notice of hearing. It also applies to any subsequent notices. *See B. Gregg Price, P.C.*, 661 S.W.3d at 423 ("Given the public announcement that all oral hearings were canceled, we hold that [nonmovant] did not have adequate notice of a rescheduled hearing by submission.").

Appellees also argue that, in *Martin*, the Texas Supreme Court held that "the purpose of *setting* a hearing on a motion for summary judgment is to determine the time of the response" (emphasis added). Based on this characterization of *Martin*,

9

Appellees assert that a nonmovant who fails to respond within seven days of the initial setting has no right to future notices or hearings, since the time for responding has already passed. Critically, however, in *Martin*, the supreme court did not state that the *setting* of the hearing determines the date the response is due, as Appellees indicate, but that the date for the response is determined based on the date of the hearing itself. 989 S.W.2d at 359 ("The *hearing date* determines the time for response to the motion . . . ." (emphasis added)). As such, the holding in *Martin* is entirely consistent with the authorities cited above, and we reject the argument that, on reset, a motion for summary judgment can be submitted or otherwise disposed without further notice. *See B. Gregg Price, P.C.*, 661 S.W.3d at 423 ("A new hearing requires a new notice."). Appellees and/or the trial court were required to, but did not, serve a new notice on Appellants before the August 17 hearing on the motion for summary judgment. For that reason, we sustain Appellants' third issue.

*Timeliness of the Notice*

We also sustain Appellants' fourth issue, regarding the timeliness of the notice. Even if the notice of the August 17 hearing could be properly construed as notice of a hearing on the merits, it was not served within the requisite time prior to the hearing. As shown above, the notice was served on counsel six days before the hearing, and an amended notice was then served on counsel five days before the hearing. Since the notices were issued less than seven days prior to the hearing, Appellants were deprived of advance knowledge regarding the new date on which their response would be due.

The notice of a rescheduled hearing need not comply with the 21-day advance notice requirement in Rule 166a(c), so long as it is reasonable in providing advance notice to the nonmovant. *Int'l Ins. Co. v. Herman G. West, Inc.*, 649 S.W.2d 824,

825 (Tex. App.—Fort Worth 1983, no writ); *Thurman v. Fatherree*, 325 S.W.2d 183, 185 (Tex. App.—San Antonio 1959, writ dism'd).

Texas courts of appeals are split on the issue of whether reasonable notice of a reset hearing on a motion for summary judgment must always be seven or more days. In *International Insurance Co.*, the Fort Worth Court of Appeals addressed a case in which the trial court took up a previously filed motion immediately following a hearing on a motion to set aside a partial summary judgment. 649 S.W.2d at 825–26. The court found that, while the nonmovant had more than two months to file a response, and while the amount of time that had been provided was more than adequate for filing the response, Rule 166a must be construed strictly. 649 S.W.2d at 825. Accordingly, it stated that, because "rule 166-A(c) recites a seven day cut off, we hold this to be a minimum time for reasonable notice of a hearing." *Id.* at 826.

The Fourteenth Court of Appeals in Houston reached a contrary conclusion in *Brown*. The movant in that case had properly given twenty-one days' advanced notice of the initial hearing, and then the hearing was reset twice: once by agreement and once by the court. 703 S.W.2d at 233. The second notice of reset was mailed by the movant fifteen days before the hearing, but the nonmovant claimed that he did not receive it until three days prior to the hearing. *Id.* The court held that, because the nonmovant had twenty-one days' notice of the initial hearing, as well as an additional fourteen days before the second hearing, the circumstances of the case did not allow him to complain of three days' actual notice prior to the third hearing. *Id.*

The *Brown* court distinguished itself from *International Insurance Co.* because the nonmovant in *International* had never been given more than seven days' notice. 703 S.W.2d at 234. By contrast, the nonmovant in *Brown* had been given

11

his initial notice seventy-six days before the actual hearing. *Id.* Thus, three days' actual notice prior to the third hearing was deemed sufficient. *Id.*

The Fourteenth Court of Appeals later revisited the issue in *LeNotre*. In that case, the movant served an amended notice on the nonmovant that moved the summary judgment hearing back one week. 979 S.W.2d at 726. The amended notice was served twenty-one days before the new hearing date. *Id.* However, because it was served by mail, the time for the response was expanded to twenty-four days as a result of the mailbox rule. *See* TEX. R. CIV. P. 21a(c) ("Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period."). The *LeNotre* court held that reasonable notice "means at least seven days before the hearing on the motion because a nonmovant may only file a response to a motion for summary judgment not later than seven days prior to the date of the hearing without leave of court" and that the notice therein was therefore "more than reasonable." 979 S.W.2d at 726. However, the court did not attempt to reconcile its holding regarding a seven-day minimum notice with the three-day notice that had been provided in *Brown*.

The Austin Court of Appeals has also addressed this issue in two unpublished opinions. *See Hart*, 2003 WL 549273; *Wilson v. Dorbandt*, No. 03-14-00553-CV, 2016 WL 768143 (Tex. App.—Austin Feb. 24, 2016, pet. denied) (mem. op.). In *Hart*, due to issues involving delays in receipt of a mailed notice, the nonmovant received three days' actual notice of the reset hearing. 2003 WL 549273, at *1. The court expressly adopted the approach in *Brown*, ruling that, because the nonmovant was aware of, and failed to file its initial response, and because he received notice of the pending motion forty-five days before the ultimate hearing date, three days' notice was sufficient. *Id.* at *4. In *Wilson*, the nonmovant received more than seven

days' notice of the reset hearing. 2016 WL 768143, at *5. However, the court noted that "reasonable notice may be as few as three days." *Id.*

We agree with the Fort Worth Court of Appeals, as well as the Fourteenth Court of Appeals in *LeNotre*, that a minimum of seven days' notice is required when resetting a hearing on a motion for summary judgment, at least in circumstances where no response is on file when a new notice of hearing is issued. Once the initial hearing is canceled, its notice of hearing is nullified. *See B. Gregg Price, P.C.*, 661 S.W.3d at 423. Thus, the response can no longer be characterized as "late." Rule 166a(c) does not state that the nonmovant remains in a state of "default" in this situation. To the contrary, the nonmovant now knows that it will have a new deadline, *Huffine*, 979 S.W.2d at 798, and a notice of the new hearing is the only way for the respondent to know with certainty when the response is now due.

Given these circumstances, and strictly construing the procedural requirements of Rule 166a in favor of the nonmovant, *Lee*, 647 S.W.2d at 738, we hold that—where the nonmovant has not yet filed a response—"reasonable notice" of a reset hearing on a motion for summary judgment must be given, at a minimum, at least seven days in advance of the new hearing date. In so holding, we note that the determination of whether a date is "reasonable" requires the court to consider, among any other applicable factors, the amount of time that the nonmovant is given for formulating or completing its response after the new notice has been issued. Here, Appellants were without counsel of record when the motion for summary judgment was filed, and the underlying proceedings were subject to a bankruptcy stay during much of the time between the two hearing dates. Conversely, if the nonmovant has already filed a response at the time a notice of reset is issued, as few as three days may be appropriate. *See* TEX. R. CIV. P. 21(b) ("notice of any court

proceeding . . . must be served upon all other parties not less than three days before the time specified for the court proceeding").

We sustain Appellants' fourth issue. Because our resolution of issues three and four is sufficient to dispose of the entire case, we do not address Appellants' remaining issues.

*This Court's Ruling*

We reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.


JOHN M. BAILEY
CHIEF JUSTICE


May 18, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.