**Affirmed and Memorandum Opinion filed March 14, 2024.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-23-00422-CV

**CRYSTIAM NAVA QUINTERO ON OWN BEHALF AND SAMIRA AND CAMILA CAMACHO NAVA, Appellant**

**V.**

**MICHAEL JOSEPH ALVAREZ AND LIBERTY COUNTY MUTUAL INSURANCE COMPANY, Appellees**

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1177631**

## MEMORANDUM OPINION

After being injured in a car accident, appellant Crystiam Quintero, individually, and on behalf of her daughters Samira and Camila Nava, sued appellees Michael Joseph Alvarez, the driver of the vehicle that hit her, and Liberty County Mutual Insurance Company, Alvarez's insurance company, for negligence. The trial court granted a no-evidence summary judgment against Quintero, who now appeals the judgment alleging she did not receive notice of the summary-judgment hearing.

We affirm.

## BACKGROUND

On November 5, 2021, appellant Crystiam Nava Quintero, appearing pro se, filed suit in which she alleged that appellee Michael Joseph Alvarez injured her and her daughters when he hit Quintero's car from behind. Quintero sued both Alvarez and his insurance company, Liberty County Mutual. Appellees timely answered Quintero's suit and served interrogatories and requests for production on Quintero. On February 22, 2022, Quintero responded to the requests for discovery by filing (1) a document containing her claims of injury; (2) a copy of the police report from the accident; (3) photographs of the damage to her car, her injuries, and Alvarez's car; (4) medical records from the hospital where she and her daughters were transported on the day of the accident, and extensive records from chiropractic care she received after the accident; (5) a damage estimate for her car repair; and (6) her tax returns. Quintero also filed written answers to most of the interrogatories.

On November 29, 2022, appellees filed a motion to compel plaintiffs to respond to interrogatories and production. Appellees asserted that Quintero had not adequately responded to the interrogatories and requests for production because she:

- did not sign and verify her responses to interrogatories in violation of Texas Rule of Civil Procedure 197.2(d); and
- refused to produce adequate documents in response to several requests for production.

On February 8, 2023, the trial court granted appellees' motion to compel and ordered Quintero to comply with the requested discovery within 10 days. On February 17, 2023 Quintero filed another document purporting to answer the interrogatories.

On April 10, 2023, appellees filed a motion for discovery sanctions in which they asserted that while Quintero filed amended responses to interrogatories she

2

failed to respond to their requests for production. Appellees requested the court to prohibit Quintero from introducing "any and all production exhibits and prohibit [Quintero] from supporting or opposing designated claims or defenses." In the alternative, appellees requested dismissal of Quintero's suit.

On the same day, appellees filed a motion for no-evidence summary judgment in which they alleged that Quintero failed to present evidence to support the essential elements of her claims. Specifically, appellees alleged Quintero failed to provide evidence that Alvarez breached a duty by striking her car, or that any damages were caused by the alleged breach of duty. Appellees further asserted that Quintero's claims against Liberty Mutual had no basis in law because an injured party may not sue the tortfeasor's insured directly unless the tortfeasor's liability has been finally determined. Also on April 10, 2023, appellees filed a notice of oral hearing on their summary judgment motion setting the motion for hearing on May 16, 2023 at 9:00 a.m. Quintero did not file a response to the no-evidence motion for summary judgment.

On May 17, 2023, the trial court granted appellees' motion for no-evidence summary judgment. Two days later Quintero filed a motion to reconsider the summary judgment. Quintero asserted she was unable to file a response because she did not receive notice of the hearing on the motion for summary judgment. The motion to reconsider was overruled by operation of law. Quintero timely appealed.

## ANALYSIS

On appeal Quintero, representing herself, asserts the trial court erred in granting appellees' motion for no-evidence summary judgment because she did not receive notice of the hearing on the motion.

Like licensed attorneys, litigants appearing on their own behalf must comply

3

with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). "Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler*, 157 S.W.3d at 444. Failing to require pro se litigants to comply with applicable laws and rules of procedure could give them "an unfair advantage over litigants represented by counsel." *Mansfield State Bank*, 573 S.W.2d at 185.

## I.     The presumption of notice of submission of the no-evidence motion for summary judgment was not rebutted.

Notice is "[a]n elementary and fundamental requirement of due process." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The Texas Rules of Civil Procedure prescribe guidelines to ensure that all parties to the proceeding receive adequate notice and a meaningful opportunity to be heard. A motion for summary judgment must be served on the opposing party at least twenty-one days before the date and time that is specified for a hearing on the motion. Tex. R. Civ. P. 166a(c). The purpose of Rule 166a's notice provision is to provide the nonmovant with an opportunity to respond to the motion within the deadline that the rule prescribes for a response. *Id.* (stating that the nonmovant must file a response to a motion for summary judgment within seven days prior to scheduled hearing); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) ("The hearing date determines the time for response to the motion; without notice of hearing, the respondent cannot know when the response is due."); *Stephens v. Turtle Creek Apartments, Ltd.*, 875 S.W.2d 25, 26 (Tex. App.—Houston [14th Dist.] 1994, no writ) ("The reason for the twenty-one day notice provision is to give the party opposing the summary judgment a full opportunity to respond on the merits."). Therefore, notice of a summary-judgment hearing must inform the nonmovant of the

exact date and time of the motion's hearing or other submission date. *Martin*, 989 S.W.2d at 359. A trial court errs when it grants summary judgment if the nonmovant has not received proper notice of the hearing to be held on the motion. *Id*.; *see also B. Gregg Price, P.C. v. Series 1 - Virage Master LP*, 661 S.W.3d 419, 423 (Tex. 2023) (trial court erred in granting summary judgment when nonmovant did not receive adequate notice of submission of summary judgment motion).

Although Rule 166a(c) prescribes no explicit requirement for when a summary judgment movant must provide notice to the nonmovant of either the motion's hearing or submission date, Texas courts, including our court, have consistently held that the twenty-one-day requirement also applies to the notice of hearing on the motion. *Williams v. Bell*, 402 S.W.3d 28, 34 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Brown v. Cap. Bank, N.A.*, 703 S.W.2d 231, 233 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (the notice of hearing must be given at least twenty-one days before the date the hearing is to be held); *see also Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994) (a party's right under Rule 166a(c) is to have the minimum notice of the hearing).

In this case, the record reflects ample notice of submission of the summary judgment motion. A notice of oral hearing was filed April 10, 2023, giving notice of an oral hearing on May 16, 2023, at 9:00 a.m. The notice was served on Quintero at her address listed for service via regular and certified mail. The notice was also served via email. The record reflects that all documents were served to Quintero via these methods.

Construing Quintero's brief liberally, we address her contention that she was prevented from filing a response to the no-evidence motion for summary judgment because she did not receive notice of the hearing. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (briefs should be "reasonably, yet liberally" construed so that

5

the right to appellate review is not lost to waiver).

Rule 21a provides that all notices, other than citation of service, not filed electronically may be "served in person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." Tex. R. Civ. P. 21a(a)(1). Rule 21a(b)(1) further provides that "[s]ervice by mail or commercial delivery service shall be complete upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service." Tex. R. Civ. P. 21a(b)(1). Rule 21a therefore sets up a presumption that a document properly addressed and placed in the mail was received by the recipient in a timely manner. *See Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) ("Rule 21a sets up a presumption that when notice of trial setting properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee.").

A certificate of service by a party or an attorney of record showing service of a notice shall be prima facie evidence of the fact of service. Tex. R. Civ. P. 21a(e). However, Rule 21a expressly allows a party to rebut this presumption, providing that "[n]othing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just." Tex. R. Civ. P. 21a(e). As the Supreme Court of Texas has recognized, the presumption of service under Rule 21a is not considered "evidence," and thus, any presumption "vanishes when opposing evidence is introduced that [a document] was not received." *In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009)( quoting *Cliff*, 724 S.W.2d at 780). Such opposing evidence of "nonreceipt" may consist of an affidavit from the intended recipient attesting to the fact that the notice was not received. *See Cliff*, 724 S.W.2d at 779; *see also Unifund CCR*

*Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (noting that the presumption may be rebutted by affidavit).

Here, the certificates of service attached to the summary judgment motion and notice of hearing filed with the trial court established a presumption of receipt of notice. Tex. R. Civ. P. 21a. Quintero filed a motion for reconsideration but did not provide evidence rebutting the presumption of receipt of notice. The record reflects Quintero received proper notice of the summary-judgment motion's May 16th submission date, and the trial court ruled on the motion after that date.

## II.     The trial court did not err in granting summary judgment.

We review a trial court's summary judgment decision de novo. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017). A trial court must grant a no-evidence motion for summary judgment if: (1) the moving party asserts there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (no-evidence motion requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion).

A plaintiff seeking to recover on a cause of action for negligence must prove three elements: (1) legal duty owed by one person to another, (2) breach of that duty, and (3) damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Appellees' no-evidence motion for summary judgment challenged the elements of breach and damages as they related to Alvarez's alleged negligence. Appellees further asserted that Quintero's claims should be dismissed against Liberty Mutual because, in Texas, an injured party

generally has no direct claim against the tortfeasor's insurer until the insured tortfeasor is determined liable to the tort claimant. *See Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex.1997).

Because Quintero filed no response to appellees' motion for summary judgment, the no-evidence grounds are dispositive of her challenge. *See Kennedy v. DISA, Inc.*, No. 01-18-00744-CV, 2019 WL 2220113, at *3 (Tex. App.—Houston [1st Dist.] May 23, 2019, no pet.) (mem. op.) (holding that court was required to grant summary judgment when nonmovant filed no response to no-evidence summary judgment motion). We therefore overrule Quintero's sole issue on appeal.

**CONCLUSION**

We affirm the trial court's judgment.


/s/     Jerry Zimmerer
        Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.